```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NOLAN WELLS,

                     Petitioner,             20CV3666 (NSR) (LMS)

   -against-                              ORDER ADOPTING REPORT
                                        AND RECOMMENDATION
WILLIAM F. KEYSER,

                     Respondent.
---------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Petitioner Nolan Wells ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 for his immediate release from state custody in light of the COVID-19 pandemic and alleges that his continued incarceration violates his rights to due process and endangers his health, life, and liberty in violation of the 5th, 6th, 8th, and 14th Amendments. ECF No. 2 ("Petition"). Respondent move pursuant to Federal Rules of Civil Procedure § 12(b)(6) to dismiss the Petition for failure to state a claim and failure to exhaust state remedies. ECF No. 11. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition seeking a writ be denied. (ECF No. 27.) For the following reasons, the Court adopts the R & R, and the petition is DENIED without opposition.

      **BACKGROUND**

      The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings. Further details can be found in the R & R, which this Court adopts.

      Petitioner was purportedly convicted of first degree manslaughter in New York Supreme Court, Kings County, and was sentenced to a determinate term of twenty-two (22) years in prison,

to be followed by five (5) years of post-release supervision. Following entry of his judgment of conviction, Petitioner failed to appeal his conviction.

Petitioner is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at the Sullivan County Correctional Facility ("SCCF") . As of the date of his petition, April 24, 2020, Petitioner alleges eleven (11) staff members at the facility have tested positive for COVID-19 (the "virus"), and due to his history of asthma-related complications this poses a special risk of danger to Petitioner. Petitioner asserts that the conditions of incarceration at SCCF, the prohibition on wearing personal protective equipment, the closeness of inmate cells, and the fact that there is no way to enforce social distancing, all make it impossible to control the spread of the virus. He also asserts that he "cannot control the movement of other inmates and staff," and that approximately twenty (20) new correctional officers have been hired by SCCF but have not been medically examined to determine whether they have been exposed to virus. Petitioner alleges that his continued detention at the facility raises a "significant risk" that he will contract the virus, suffer severe complications, and perhaps even die from it.

## STANDARDS OF REVIEW

I. *Habeas Petition Reviewing a State Court Decision*

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). To grant a writ, a district court must ensure that a petitioner has complied with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 USC § 2254. Provided a petition meets the procedural requirements of the AEDPA, the Court may consider the merits of the petitioner's state court conviction. The AEDPA imposes a one year limitation period for filing a petition. 28 U.S.C. § 2244(d)(1). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. *Magistrate Judge's Report and Recommendation*

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### DISCUSSION

Here, the R & R was issued on August 14, 2020, recommending that the petition be dismissed without prejudice. To date, no objection has been filed. Since Petitioner failed to file a timely objection(s), the Court reviews MJ Smith's R& R for clear error and has found none. As more fully discussed in the R & R, MJ Smith determined Petitioner failed to assert that he exhausted his claim in state court, and failed to demonstrate that this failure to exhaust was excusable. Moreover, a review of the petition reveals that Petitioner does not cite to specific instances of DOCCS's actions toward him that would support a claim, relying primarily on the general assertion that the virus poses a dangerous high-risk for inmates, such as himself, who suffer from underlying health conditions. Accordingly, the Court adopts the legal analysis and conclusions in the R & R.

### CONCLUSION

For the reasons given, the Court adopts MJ Smith's R & R in its entirety. The petition for a writ of habeas corpus is therefore DENIED without prejudice to Petitioner's right to pursue such claims in state court. The Clerk of Court is directed to enter judgment accordingly, terminate the case, and send a copy of this Order to Petitioner at his last known address.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith,

and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: March 15, 2021  SO ORDERED:
      White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge